**Gilbert P. SIMONS, as Executor of the Last Will and Testament of Kate R. Simons, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 13038.**

United States District Court
E. D. New York.

May 20, 1955.

Gallop, Climenko & Gould, New York City, for plaintiff, by George Trosk, New York City, of counsel.

Leonard P. Moore, U. S. Atty., for defendant, by Frederic G. Rita, Special Asst. to the Atty. Gen., and Elliott Kahaner, Asst. U. S. Atty., of counsel.

INCH, Chief Judge.

In this action plaintiff seeks to recover estate taxes amounting to $64,515.89, with interest, alleged to have been illegally, wrongfully and erroneously assessed and collected from plaintiff as Executor of the Last Will and Testament of Kate R. Simons, deceased.

The decedent had a general power of appointment under an *inter vivos* trust created by one Sidney R. Kirkman on April 22, 1931, which had a value at decedent's death of $274,140.33.

On May 17, 1940 decedent executed her last will and testament in which she exercised her power of appointment in favor of certain of her relatives. Decedent died on August 21, 1949 and her will was duly admitted to probate on March 9, 1950.

Plaintiff filed an estate tax return claiming that the property subject to the said power of appointment was not subject to tax, but, in order to avoid the running of interest, paid the tax of $64,-515.89 on the property and now brings this action for a refund.

The statute involved herein provides as follows:

Internal Revenue Code of 1939

"§ 811 Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

"(a) *Decedent's interest.* To the extent of the interest therein of the decedent at the time of his death;

\* \* \* \* \* \*

"(f) [as amended by Sec. 2 of Powers of Appointment Act of 1951, c. 165, 65 Stat. 91] *Powers of Appointment*

"(1) *Property with respect to which decedent exercises a general power of appointment created on or before October 21, 1942.* To the extent of any property with respect to which a general power of appointment created on or before October 21, 1942, is exercised by the decedent (1) by will or (2) by a disposition which is of such nature that if it were a transfer of property owned by the decedent, such property would be includible in the decedent's gross estate under subsection (c) or (d); but the failure to exercise such a power or *the complete release* of such a power shall not be deemed an exercise thereof.

"If before November 1, 1951, or within the time limited by paragraph (2) of section 403(d) of the Revenue Act of 1942, as amended, in cases to which such paragraph is applicable, a general power of appointment created on or before October 21, 1942, shall have been *partially released* so that it is no longer a general power of appointment, the subsequent exercise of such power shall not be deemed to be the exercise of a general power of appointment.

\* \* \* \* \* \*

"(3) *Definition of general power of appointment.* For the purposes of this subsection the term 'general power of appointment' means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate; except that—." 26 U.S.C.A. § 811. (Emphasis supplied.)

It is the Government's contention that the decedent had a general power of appointment created prior to October 21, 1942, which she never released in any manner, and which she fully exercised in her will, so that under the above statute the value of the property passing thereunder was properly included in her taxable estate.

At the trial plaintiff proved by more than a fair preponderance of the evidence that the decedent suffered a stroke in August 1941 and by about August 1942 her physical condition had deteriorated to the extent that she was unable to walk, talk, move her hands or limbs or communicate her thoughts to anyone. Thus, the proof warrants a finding that decedent totally lacked testamentary capacity to alter her 1940 will from a date prior to October 21, 1942 until the date of her death.

From this fact plaintiff makes a rather ingenious argument to avoid the imposition of the estate tax on this property. He points out that prior to 1942 a general power of appointment was taxed if the power was exercised and

if property passed under the power, Sec. 811(f) of the Int.Rev.Code of 1939 as originally enacted; that the Revenue Act of 1942, enacted October 21, 1942, imposed a tax whether or not the power was exercised and that in order to prevent a retroactive application of the tax to powers created prior to October 21, 1942, Congress specifically provided that the owner of such a power could release it and thereby avoid the tax imposed by the new statute.

Thus, relying on Sec. 811(f) of the Internal Revenue Code of 1939, as amended by the Powers of Appointment Act of 1951, quoted above, plaintiff argues that where a pre-1942 power of appointment has been partially released, so that the holder thereof has no power to exercise the power in favor of himself, his estate, his creditors, or the creditors of his estate, such a power is not a general power of appointment subject to tax. Here, he says, a partial release of the power of appointment was effected by operation of law because after decedent's "limited" exercise of the power in her will, she was thereafter so physically and mentally incapacitated that it became impossible for her to exercise the power "generally", i. e. in favor of herself, her estate, her creditors or the creditors of her estate. In other words, plaintiff contends that decedent's incapacity had the same effect as if she had made a valid agreement irrevocably releasing her right to exercise the power "generally". It is plaintiff's position that at the time of decedent's death, her power to appoint "generally" did not exist, and the reason for its non-existence is immaterial under the statute, whether the reason for the non-existence was that the power was never conferred, or that it was voluntarily released, or released by operation of law or by act of God.

██ However, decedent had a general power of appointment which she fully exercised in her will in favor of certain of her relatives. She never attempted to change that designation while she was able, and although it is unfor-

tunate that her physical and mental incapacity precluded her from changing her will after October 21, 1942, so that her testamentary designation coupled with her subsequent incapacity, as a practical matter, had the same effect as a partial release of the power, nevertheless, the statute makes no provision for such a contingency. The statute in effect grants an exemption from tax which, like a tax deduction, depends on "legislative grace" and should only be allowed where there is clear provision therefor. See: New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. While Congress has specifically provided for the full or partial release of a pre-1942 power of appointment, the court cannot construe the statute as expressly or impliedly granting an exemption in the situation here presented. This is a matter for the legislature.

Accordingly, the Government is entitled to a judgment dismissing the action without costs.

Findings of fact and conclusions of law are being filed simultaneously herewith.

Settle order.